IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RONESHA WATKINS, individually and )
as parent and next friend of S.S. and )
A.B., minors, )
                                          Plaintiffs, )
                                              v. )   Case No. CIV-23-178-GLJ
HOUSING AUTHORITY OF THE )
CITY OF HUGO, WADE AWTRY, )
GRACIELA STARLIN, HOUSING )
AUTHORITY OF THE CITY OF HUGO )
BOARD OF COMMISSIONERS, and )
CHRIS CANNON, )
                                    Defendants. )

## ORDER

Plaintiff Ronesha Watkins filed this action on May 31, 2023 [Docket Nos. 1-2]. Before the Court now is Plaintiff's Motion for an Emergency Temporary Restraining Order and For a Preliminary Injunction and Brief in Support [Docket No. 13]. For the reasons set forth below, the Court finds that the Plaintiff's motion is DENIED WITHOUT PREJUDICE.

### Procedural History

Plaintiff filed an original Complaint and subsequently filed an Amended Complaint in this case on May 31, 2023 [Docket Nos. 1-2,6], alleging violations of the Fair Housing Act, 42 U.S.C. § 3613(c)(1); the Rehabilitation Act of 1973, § 504; the Violence Against Women Act; the Americans with Disabilities Act; and the Oklahoma Discrimination in

Housing Act, 25 Okla. Stat. § 1451 et seq.  Plaintiff failed to timely serve Defendants and currently has until September 25, 2023, under a permissive extension of time, to serve Defendants [Docket Nos. 10-12]. The docket reflects that no Defendant has been served in this case at this time, and Plaintiff avers Defendants have until Monday, September 11, 2023, to file waivers of service.  On September 7, 2023, Plaintiff filed the present motion, requesting an emergency ex parte temporary restraining order, entry of a preliminary injunction, and reinstatement of terminated rental assistance with retroactive benefits from September 2022 though the present.

## Analysis

First, the Court notes that Plaintiff's request for a preliminary injunction should be denied.  Under Fed. R. Civ. P. 65(a)(1), "The court may issue a preliminary injunction only on notice to the adverse party."  Defendants have not been served with this lawsuit, and the Court has no way to issue an injunction against an individual or entity not a party to a case. Therefore, Plaintiff's request for a preliminary injunction is denied without prejudice. *See, e.g.*, *Knox v. Sharp*, 2020 WL 8768635, at *2 (E.D. Okla. Aug. 3, 2020) ("Because Plaintiff has not yet filed an amended complaint as directed, the defendants have not been served with this lawsuit. Therefore, Plaintiff's request for a preliminary injunction is denied without prejudice.").

Regarding Plaintiff's request for a temporary restraining order, the purpose of a TRO is to "preserv[e] the status quo and prevent[ ] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974). *See* Fed. R. Civ. P. 65(b); James Wm. Moore, *Moore's Federal Practice*,

§ 65.30 (3d ed. 2008). The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Here, Plaintiff has included an affidavit asserting her irreparable injury would be eviction from the home where she resides as a tenant. Plaintiff does not allege a present right to remain in her home, and there is some support for finding that "[e]viction from property that one does not own does not constitute irreparable harm." *Fasi v. HSBC Bank USA, N.A.*, 2013 WL 50434, at *2 (D. Colo. Jan. 3, 2013) (citing *Allen v. United Props. & Constr., Inc.,* 2008 WL 4080035, at *18 (D. Colo. Sep. 3, 2008) (citing *Wendt v. Edward D. "Tito" Smith,* 2003 WL 21750676, at *3 (C.D.Cal. 2003)); *see also Mandawala v. Struga Mgmt.,* 2019 WL 12498089, at *2 (W.D. Tex. Aug. 14, 2019) ("The Fifth Circuit has expressly held that district courts are barred by the Anti-Injunction Act from restraining the enforcement of a state court eviction judgment.") (citing *Knoles v. Wells Fargo Bank, N.A.*, 513 Fed. Appx. 414, 416 (5th Cir. 2013) ("The relief sought, in practical effect, would enjoin [defendant] from enforcing a valid extant judgment of a Texas court. The district court is denied jurisdiction to grant that relief by the Anti-Injunction Act, 28 U.S.C. § 2283.")).

Moreover, Plaintiff's counsel states in the Motion that "Defendants have been placed on notice, though the eviction process, that this Plaintiff intended to seek a

temporary restraining order and preliminary injunction for the requested affirmative relief." *See* Docket No. 13, p. 7.  Rule 65 does not simply require a certification that notice was attempted; it requires the attorney to detail "any efforts" made.  Here, the Court has no way to ascertain the specific efforts made.  Furthermore, the Motion states Counsel notified Defendants of the *intent* to file the motion, not that Counsel notified or attempted to notify Defendants, *who are currently not parties to this case* (and therefore will not receive notice through the ECF filing), and certainly provided no argument in support of why notice is not necessary.  Indeed, Plaintiff's next sentence acknowledges Defendants have not been properly served and waivers of service are not due until Monday, September 11, 2023.  The Court cannot issue a TRO because Plaintiff has not sufficiently alleged an "immediate and injury," and due to the lack of notice to Defendants. *See Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964) (emphasizing that "a district court should scrupulously observe the requirements of Rule 65 in the delicate business of granting temporary restraining orders"); *Moore's Federal Practice* § 65.32 (3d ed. 2008) (noting that both requirements of Federal Rule 65 must be met before a court can issue a TRO without notice to the opposing party). Finally, the Court notes Plaintiff has provided no indication of how or when she could comply with Rule 65(c)'s requirement that she "gives security in an amount the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Thus, the Court must deny without prejudice Plaintiff's request for a TRO.

## Conclusion

**ACCORDINGLY,** Plaintiff's Motion for an Emergency Temporary Restraining Order and For a Preliminary Injunction and Brief in Support [Docket No. 13] is DENIED WITHOUT PREJUDICE.

**DATED** this 7th day of September 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**