IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONESHA WATKINS, individually and as parent and next friend of S.S. and A.B., minors,<br><br>Plaintiffs,<br><br>v.<br><br>HOUSING AUTHORITY OF THE CITY OF HUGO, WADE AWTRY, GRASIELA STARLIN, HOUSING AUTHORITY OF THE CITY OF HUGO BOARD OF COMMISSIONERS, and CHRIS CANNON,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. CIV-23-178-RAW-GLJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on Plaintiffs' Objection and Motion to Strike Documents 60 and 61 and Brief in Support [Docket No. 62]. The Court referred this case to the undersigned Magistrate Judge for all pretrial and discovery matters, including dispositive motions,[1] in accordance with 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72 [Docket No. 32]. Upon consideration of the motion, the Court finds Plaintiffs' Objection and Motion to Strike Documents 60 and 61 and Brief in Support [Docket No. 62] should be DENIED.

---

[1] Because this motion is non-dispositive of parties or claims, the undersigned Magistrate Judge issues an Order pursuant to 28 U.S.C. § 636(b)(1)(A).

1

I.   **Background and Procedural History**

Plaintiff Ronesha Watkins, on behalf of herself and two minor children, filed this action on May 31, 2023, against the Housing Authority of the city of Hugo, Oklahoma, and the Housing Authority of the City of Hugo Board of Commissioners, as well as individual Defendants Wade Awtry, Grasiela Starlin, and Chris Cannon [Docket Nos. 1-2]. She filed an Amended Complaint on the same day at the direction of the Court [Docket No. 6]. Plaintiffs allege the following seven causes of action: (I) violation of the Fair Housing Act on the basis of sex, in violation of 42 U.S.C. § 3604(a)-(b); (II) disability discrimination in violation of the Fair Housing Amendments Act, 42 U.S.C. § 3604(f)(1)(a), (2)(a), & (3)(b); (III) violation of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et. seq.*; (IV) violation of the Rehabilitation Act of 1973, § 504; (V) breach of contract; (VI) unconstitutional deprivation of property without due process, in violation of U.S. Const. Amends. V & XIV, OK Const. Art. 2 § 7, and 42 U.S.C. § 1983; and (VII) violation of the Violence Against Women Act, 42 U.S.C. § 12491, *et. seq.*

The parties filed a Joint Status Report ("JSR") on December 8, 2023 [Docket No. 30]. Following several extensions of time, the Third Amended Scheduling Order in this case set a discovery deadline of November 26, 2024, as well as a dispositive motion deadline of January 6, 2025 [Docket No. 55]. On January 6, 2025, Defendant Hugo Housing Authority ("HHA")[2] filed a motion for summary judgment (Docket No. 59), and individual Defendants Chris Cannon, Wade Awtry, and Grasiela Starlin filed a joint motion

---

[2] Defendant Housing Authority of the City of Hugo Board of Commissioners did not file a dispositive motion.

2

for summary judgment (Docket No. 60). On January 7, Cannon, Awtry, and Starlin filed an Amended Motion for Summary Judgment (Docket No. 61). Both Docket Nos. 60 and 61 indicated that the individual Defendants were joining the summary judgment motion filed by HHA, but that their motion(s) focused on raising a qualified immunity defense that applied solely to the individual defendants. *See* Docket No. 60, p. 4 & 61, p. 4. Plaintiffs responded to HHA's summary judgment motion but filed the present Motion to Strike as to the motion and amended motion filed by the individual Defendants, asserting the individual Defendants improperly filed a separate motion for summary judgment when they joined HHA's motion, violating Loc. Civ. R. 56.1(a) permitting only one summary judgment motion filed by each party. Furthermore, Plaintiffs contend the motion should be stricken because Defendants did not assert qualified immunity as a defense until these summary judgment motions were filed.

## II.     Analysis

A. <u>Filing of Multiple Motions for Summary Judgment.</u>

"Generally[,] motions, briefs, and memoranda may not be attacked by a motion to strike." *Ysais v. New Mexico Jud. Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009). "The exception to this principle is that a Court may choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court." *Id.* (quotation omitted). Plaintiffs assert the individual Defendants improperly filed three motions for summary judgment. As an initial matter, though the amended motion [Docket No. 61] is not timely and Defendants have made no request of the Court, it is clear the individual Defendants intended for it to supersede the original motion [Docket No. 60]. Either the

3

Court will disallow the amended motion as untimely filed, or deny the original motion as moot in light of the filing of the amended motion, but only one will remain at issue as discussed below.

Pursuant to Loc. Civ. R. 56.1(a), "Absent leave of Court, each party may file only one motion under Fed. R. Civ. P. 56." Plaintiffs thus contend the Individual Defendants' Motion and Amended Motion for Summary Judgment should be stricken because they share common facts and legal arguments with HHA's motion, and nothing prevent them from asking for leave to file an overlength brief. The individual Defendants contend this rule does not apply here, but to parties who file strings of motions, and that the procedure here is common practice. Defendants contend that, either way, Plaintiffs will have to respond to all contentions in HHA's motion and does not perceive how Plaintiffs' Response will be different whether incorporated or not. Plaintiffs appear to argue that because the individual Defendants stated they are participating in HHA's motion, rather than making reference to the motion and adopting the arguments, they are now required to respond to multiple summary judgment motions from the same parties.

The Court chooses to resolve the motions on their merits, rather than striking the individual Defendants' amended motion on these grounds. *See e.g., Lee v. Max Intern., LLC,* 638 F.3d 1318, 1319 (10th Cir. 2011) ("Our justice system has a strong preference for resolving cases on their merits whenever possible[.]"); *Gripe v. City of Enid, Old.,* 312 F.3d 1184, 1187 (10th Cir. 2002) (noting the preference for determining a case on its merits). The Court notes, however, that Defendants should carefully consider the ramifications of multiple motions for summary judgment with multiple parties, and the

proper procedure for adopting and incorporating arguments by reference. Furthermore, the Court notes that the Individual Defendants' Amended Motion was filed out of time, without leave of Court, and without an explanation for the differences between the original and amended motion. Because the intervening motions practice has provided Plaintiffs with sufficient notice, the Court declines to strike it. Counsel is cautioned, however, that future failures may result in the amended motion being stricken and the late party being limited to the facts and arguments contained in the timely motion. Here, the Court will strike the original motion for summary judgment [Docket No. 60], as moot in light of the filing of the amended motion [Docket No. 61].

    B. Qualified Immunity Defense

Plaintiffs next contend the individual Defendants did not raise qualified immunity as a defense until the motion for summary judgment was filed, and therefore they did not receive sufficient notice of this affirmative defense. Defendants agree that they did not identify qualified immunity as an affirmative defense in their Answer filed on October 28, 2023, but note that they did state, "Discovery has not begun. Defendants reserve the right to add to or amend this Answer until the time of the Pretrial Conference." Docket No. 28, p. 10, ¶ 3. Additionally, the December 8, 2023 JSR states, "The individual Defendants may be entitled to qualified immunity." Docket No. 30, p. 2.

The liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses. *Stapp v. Curry Co. Bd. of Comm.*, 672 Fed. Appx. 841, 846 (10th Cir. 2016). The Tenth Circuit instructs courts to avoid hyper-technicality in pleading requirements and focus instead on enforcing the actual purpose of the rule. *Id.*

5

The purpose of Rule 8(c) Fed. R. Civ. P. is to give the opposing party notice of the defense and an opportunity to respond. *Ahmad v. Furlong*, 435 F.3d 1196, 1201 (10th Cir. 2006).

The individual Defendants admittedly did not assert qualified immunity in their Answer, but did place Plaintiffs on notice that additional affirmative defenses might be raised. Plaintiffs contend they are prejudiced because depositions were conducted in the summer of 2024 and discovery closed in November 2024, but the dispositive motion was not filed until January 2025 and that was the first time they were placed on notice of the affirmative defense. Clearly, "the best procedure is to plead an affirmative defense in an answer or amended answer." *Ahmad*, 435 F.3d at 1202. But this Circuit is clear that an affirmative defense "is not necessarily waived if raised for the first time in a motion for summary judgment." *Hart v. Oklahoma Dep't of Transportation*, 2023 WL 2905580, at *6 (W.D. Okla. Mar. 28, 2023) (citing *Ahmad*, 435 F.3d at 1202); *see also Ahmad*, 435 F.3d at 1201 ("Although failure to raise an affirmative defense under Rule 8(c) in a party's first responsive pleading generally results in a waiver, where the matter is raised in the trial court in a manner that does not result in unfair surprise technical failure to comply with Rule 8(c) is not fatal.") (quoting *Giles v. General Elec. Co.*, 245 F.3d 474, 491 (5th Cir. 2001) (quotation omitted).

"To determine whether a Defendant may constructively amend their answer to include an immunity defense, the Tenth Circuit has held that courts should apply the same standards used to determine whether a defendant may amend their answer." *Lakey v. City of Wilson*, 2024 WL 2221675, at *7 (E.D. Okla. May 16, 2024) (citing *Ahmad*, 435 F.3d at 1202). Under this standard, a court may deny a constructive amendment of a pleading

when permitting amendment would cause the opposing party to suffer prejudice, or the amendment is an attempt to make a pleading a "moving target" or "to salvage a lost cause by untimely suggestion of new theories." *Sky Harbor Air Serv., Inc. v. Reams*, 491 Fed. Appx. 875, 884 (10th Cir. 2012) (quotation omitted). Additionally, "a motion to amend may also be denied on grounds such as undue delay, bad faith or dilatory motive . . ., or repeated failure to cure deficiencies by amendments previously allowed." *Ahmad*, 435 F.3d at 1202 (quotations omitted).

In applying the above analysis, the Court finds Plaintiffs were on notice with the filing of the JSR—submitted less than two months following the filing of the Answer and 11 months prior to the ultimate discovery deadline in this case—that the individual Defendants intended to assert qualified immunity. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) ("Rule 8(c)'s ultimate purpose is 'simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it. When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice. And, when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue.'") (quoting *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988)). Furthermore, the Court finds no undue delay, bad faith, or dilatory motive.

Accordingly, while it is true that Defendants Awtry, Starlin, and Cannon did not explicitly plead qualified immunity in their Answer [Docket No. 28] and it would have been preferable for them to do so properly, Plaintiffs were not prejudiced, and Defendants

did not omit the defense for the purpose of delay or out of bad faith. Therefore, Defendants Awtry, Starlin, and Cannon may "constructively amend" their answer by raising qualified immunity in their Amended Motion for Summary Judgment. "Plaintiff's arguments that she could not conduct discovery on the defense and that she had no notice of the defense until January 202[5] when Defendant[s filed their Motion for Summary Judgment] ring hollow." *Thornton v. Kendall*, 2022 WL 22895988, at *2 (W.D. Okla. Mar. 24, 2022). While Plaintiffs filed the present motion rather than responding substantively to the individual Defendants' summary judgment motion regarding qualified immunity, the Court will afford Plaintiffs the opportunity to now respond. *See, e.g.*, *Miles v. Am. Red Cross*, 2017 WL 4349013, at *2 (N.D. Okla. Sept. 29, 2017) ("District courts in this circuit have allowed amendment at the summary judgment stage and declined to find prejudice where the plaintiff has challenged the newly raised defenses on the merits.").

## Conclusion

Accordingly, Plaintiffs' Objection and Motion to Strike Documents 60 and 61 and Brief in Support [Docket No. 62] is hereby DENIED. The Individual Defendants' Motion for Summary Judgment and Brief in Support on Qualified Immunity [Docket No. 60] is DENIED AS MOOT. Plaintiffs are directed to file a Response to the Individual Defendants' Amended Motion for Summary Judgment and Brief in Support on Qualified Immunity [Docket No. 61] within fourteen days of the date of this order, or by March 5, 2025. Any Reply Brief will be due fourteen days following the date of the Response, or by March 19, 2025.

**IT IS SO ORDERED THIS 19th day of February, 2025.**

_____
**HON. GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE**